**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

KYLE RHODES, individually and as plaintiff class representative; WESLEY ATWOOD, individually and as plaintiff class representative; and SAMANTHA HUDON, individually and as plaintiff class representative                                                                                                     PLAINTIFFS

v.                                       No. 4:16CV00640 JLH

KROGER CO.                                                                                                                                                                  DEFENDANT

**OPINION AND ORDER**

Kyle Rhodes, Wesley Atwood, and Samantha Hudon commenced this putative class action in the Circuit Court of Pulaski County, Arkansas, against Kroger Co. and two of its Arkansas district managers, Andrea Tyson and Patrick Scherrey, challenging the legality of portions of Kroger's discount program. Kroger offers discounts to customers who apply for and use a Kroger Plus Card, and one day a week Kroger offers Kroger Card customers over age 55 an additional discount of five percent. The plaintiffs contend that Kroger's actions violate Ark. Code Ann. § 4-75-501(a)(2), which makes it unlawful for any person or corporation willfully to fail to grant any purchaser of a manufactured product a discount that is granted to other purchasers of like quantities. As a remedy, the plaintiffs seek between $200 and $1,000 for each purchase, which represents the civil penalty provided in Ark. Code Ann. § 4-75-501(b)(1).

Kroger first removed this action on June 1, 2015, asserting subject-matter jurisdiction based on traditional diversity pursuant to 28 U.S.C. § 1332(a) and based on the Class Action Fairness Act (CAFA) pursuant to 28 U.S.C. § 1332(d)(2). The plaintiffs filed a motion to remand and this Court remanded the action to the Circuit Court of Pulaski County, holding that Arkansas citizens Tyson and Scherrey were not fraudulently joined and thus traditional diversity was not a basis for federal

jurisdiction, and that CAFA's local controversy exception applied and mandated remand. *Rhodes v. Kroger Co.*, 4:15CV312 JLH, 2015 WL 5006070 (E.D. Ark. Aug. 24, 2015). The local controversy exception applied because the alleged conduct of Tyson and Scherrey formed a significant basis for the class claims and Tyson and Scherrey were defendants from whom significant relief was sought. Kroger petitioned the Eighth Circuit for permission to appeal the remand order pursuant to 28 U.S.C. § 1453(c). The Eighth Circuit entered an order granting permission to appeal but later withdrew the order, saying that it had been improvidently granted. Kroger then requested this Court to reconsider the remand order, but this Court declined.

Upon remand, the plaintiffs and Kroger briefed and argued a motion to dismiss filed on behalf of all of the defendants. The state court denied the motion as to Kroger but held *sua sponte* that the complaint failed to state a claim against Tyson and Scherrey because they were not engaged in the sale of any manufactured product as is required for conduct to be unlawful under Ark. Code Ann. § 4-75-501(a). After Tyson and Scherrey were dismissed, Kroger removed this action a second time on September 2, 2016.[1] Kroger asserts that because the dismissal of local defendants Tyson and Scherrey rendered the local controversy exception inapplicable, the case is now removable pursuant to CAFA. Document #1. The plaintiffs have filed a motion to remand. For the following reasons, the motion to remand is granted.

---

[1] This case was initially assigned to Chief Judge Brian S. Miller. Judge Miller entered an order on October 25, 2016, directing the Clerk to reassign the case to this Court, pursuant to General Order 39(b)(5), because it is related to *Rhodes v. Kroger Co.*, 4:15CV312 JLH, 2015 WL 5006070 (E.D. Ark. Aug. 24, 2015). Document #13.

**II.**

The threshold issue is whether the second removal is timely. A removal must comply with the procedural requirements set forth by Congress in 28 U.S.C. § 1446. Section 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Kroger received a copy of the complaint on May 1, 2015, which triggered the original 30-day period for removal. Document #1 at 162. That original 30-day period has clearly expired. However, section 1446(b)(3) provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Kroger received a copy of the order dismissing Tyson and Scherrey from the action on August 29, 2016. Kroger argues that it was first able to ascertain that the action had become removable upon receipt of the order, so the dismissal of Tyson and Scherrey triggered a new 30-day period for removal.

In order for section 1446(b)(3) to apply and to allow for timely removal, the action as stated in the initial complaint must not have been removable. The statutes do not define "removable." The question here is: If the facts alleged in the initial complaint gave this Court original jurisdiction, was the action "removable" as that term is used in the statute even if the local controversy exception

mandated remand?[2]

The right to remove an action from state to federal court is derived from 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . .

The two well-established sources of original jurisdiction are federal question jurisdiction and traditional diversity jurisdiction. 28 U.S.C. §§ 1331-32. With the enactment of CAFA, Congress has expanded diversity jurisdiction with respect to certain class actions. 28 U.S.C. § 1332(d). CAFA provides that district courts have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity of citizenship. 28 U.S.C. § 1332(d)(2). A district court, however, "shall decline to exercise jurisdiction" over certain local controversies. 28 U.S.C. § 1332(d)(4). Here, it is undisputed that the jurisdictional requirements of section 1332(d)(2) were met from the commencement of the case in state court.

Kroger contends that even though the Court had original jurisdiction pursuant to CAFA, the action was not initially removable because a case cannot be considered removable if the court is required to remand it. According to Kroger, this action was not originally removable under CAFA because the local controversy exception applied; rather, it became removable when the local defendants were dismissed.

Even though the local controversy exception mandated remand, this Court had original jurisdiction under CAFA when the case was initially removed. *See Jacks v. Meridian Res. Co., LLC*,

---

[2] The Court asked for supplemental briefing on this issue and the parties filed their briefs on December 2, 2016.

701 F.3d 1224, 1229 (8th Cir. 2012) (stating that the local controversy exception operates "as an abstention doctrine [that] does not divest the district court of subject matter jurisdiction."); *Graphic Commc'ns Local1B Health &Welfare Fund A v. CVS Caremark Grp.*, 636 F.3d 971, 973 (8th Cir. 2011) ("The local controversy provision, which is set apart from the . . . jurisdictional requirements in the statute, inherently recognizes the district court has subject matter jurisdiction by directing the courts to 'decline to exercise' such jurisdiction when certain requirements are met."); *see also Mason v. Lockwood, Andrews & Newman, P.C.*, 842 F.3d 383, 394 (6th Cir. 2016) ("In enacting CAFA, Congress expanded diversity jurisdiction while carving out an exception for 'local controversies.' Read together and in harmony, CAFA's provisions explicitly instruct federal courts to remand class action cases that satisfy the elements of § 1332(d)(4)(A), notwithstanding the fact that the jurisdictional requisites are met."); *Dutcher v. Matheson*, 840 F.3d 1183, 1190 (10th Cir. 2016); *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141-42 (2d Cir. 2013); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 570 (5th Cir. 2011).

In considering whether this action was originally removable even though remand was required, the distinction between a lack of jurisdiction and a directive from Congress to abstain from exercising jurisdiction is significant. A defendant who removes an action to a federal district court has the burden to show that the district court has subject-matter jurisdiction, whereas a plaintiff has the burden to prove that the local controversy exception applies. *See Westerfield v. Indep. Proc., LLC*, 621 F.3d 819, 822-23 (8th Cir. 2010). Statutorily, the local controversy exception "is not part of the initial jurisdictional calculus," which means that the local controversy exception comes into play only if the court has original jurisdiction. *Mason*, 842 F.3d at 389. "Congress's use of 'decline' [in 28 U.S.C. § 1332(d)(4) is important. It necessarily implies a prior determination of

jurisdiction, since 'a court could not 'decline' jurisdiction that it never had in the first place.'" *Id.* (quoting *Clark v. Lender Proc. Servs.*, 562 Fed. Appx. 460, 465 (6th Cir. 2014)).

Even when the parties do not raise the issue, courts have an independent obligation to determine whether they have been vested with original jurisdiction over a matter. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 1097 (2006). Courts have no corresponding independent obligation to satisfy themselves that the local controversy exception does not apply. Kroger argues in a supplemental brief filed that courts *may* raise the local controversy exception *sua sponte* and, therefore, a matter in which the local controversy exception applies is not removable, relying primarily on *Bey v. Solarworld Indus. Am., Inc.*, 904 F. Supp. 2d 1103 (D. Or. 2012). In *Bey*, the court, acting *sua sponte*, ordered the parties to show cause why the local controversy and home state exceptions did not apply. *Id.* at 1105. The parties stipulated that the factual predicates for the local controversy and home state exceptions were satisfied, but the defendants argued that a party may waive the local controversy and home state exceptions by delaying to raise them. *Id.* at 1106-07. The court concluded that "[t]here was no precedent prohibiting the Court from raising the applicability of the § 1332(d)(4) exceptions on its own, relatively early in the case, as courts often do with abstention concerns." *Id.* at 1109.

A district court in the Eighth Circuit considered *Bey* in *Barfield v. Sho-Me Power Elec. Co-op*, No 2:11-cv-04321-NKL, 2014 WL 1343092 (W.D. Mo. April 4, 2014). The issue before the court in *Barfield* was whether the defendant had waived application of the local controversy and home state exceptions by waiting twenty-six months after the action was commenced in federal court to raise the issue. *Id.* at *2. The court had previously denied another defendant's motion seeking application of the exceptions. *Id.* at *1. The defendant who delayed its motion argued that its

6

motion was filed within a reasonable time and that the court should have declined to exercise CAFA jurisdiction *sua sponte*, citing *Bey*. *Id*. at \*4. The court stated:

> In *Bey*, without either party raising a motion to dismiss on jurisdiction grounds, the Oregon district court ordered *sua sponte* the parties in that case to show cause why the CAFA exceptions did not apply. [904 F. Supp. 2d] at 1099, 1101-2. However, *Bey* is contrary to the Eighth Circuit's decision in *Graphic Communications*, which requires a court to consider timeliness of a motion in determining whether a case should be remanded or dismissed pursuant to a CAFA jurisdiction exception. *See Graphic Commc'ns*, 2011 WL 5823387 at \*4 (D. Minn. 2011) (rejecting argument that "abstention based remands can never be untimely because they can be raised *sua sponte*" because it is contrary to eighth Circuit's decision in *Graphic Commc'ns*, 636 F.3d 971 (8th Cir. 2011)).

*Id*. Thus, while it is true that a court may raise the section 1332(d)(4) exceptions *sua sponte*, those exceptions can be waived.

A lack of subject matter jurisdiction, in contrast, is not waivable and can be raised for the first time on appeal. *Jader v. Principal Mut. Life Ins. Co.*, 925 F.2d 1075, 1077 (8th Cir. 1991). If the plaintiff chooses not to invoke the local controversy exception, the court presumably may proceed to final judgment and that judgment will not be disturbed even if it later becomes clear that the local controversy exception would have mandated remand, had the plaintiff raised it. *See Clark*, 562 Fed. Appx. at 465 ("While perhaps the [local controversy and home state exceptions] may have applied, the plaintiffs did not make that argument to the district court. Because the exceptions are not jurisdictional and the plaintiffs did not alert the district court of their potential applicability, this court will not consider whether they should have applied on appeal.").

Kroger is correct that a court *may* consider abstention sua sponte; the distinction is that a court *must* consider whether it has jurisdiction. *Cf. Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1138-39 (8th Cir. 2014); *Fischer Mkt. Place v. Rechtzigel*, No. 13-2297 (DSD/AJB) 2013 WL 4504275 at \*1 (D. Minn. Aug. 23, 2013).

Kroger also argues that an action may not be removable, even though the district court has original jurisdiction, because a party must overcome additional hurdles. For example, a defendant sued in his home state may not remove the action to federal court based on diversity of citizenship. 28 U.S.C. § 1441(b)(2); *Midwestern Dist., Inc. v. Paris Motor Freight Lines, Inc.*, 563 F. Supp. 489, 491 (E.D. Ark. 1983). Likewise, 28 U.S.C. § 1445 prohibits removal of certain types of actions even though a district court might have original jurisdiction. These examples do not support Kroger's argument. Rather, they show that when Congress wants to make certain types of actions nonremovable, "it says just that." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386, n.15, 132 S. Ct. 740, 753, 181 L. Ed. 2d 881 (2012). Congress could have said but did not say that an action in which the local controversy exception applies may not be removed.

In addition, Kroger points to a recent Eighth Circuit case, *Gibson v. Clean Harbors Envtl. Servs., Inc.*, 840 F.3d 515, 519-20 (8th Cir. 2016), in support of its assertion that CAFA encourages a more liberal interpretation of section 1446(b). In *Gibson*, the Eighth Circuit held that in the CAFA context, the 30-day removal period set forth in section 1446(b)(3)—upon which Kroger relies—is not triggered until the defendant receives from the plaintiff a pleading, motion, order, or other paper "'from which the defendant can unambiguously ascertain' that the CAFA *jurisdictional* requirements have been satisfied." 840 F.3d at 519 (emphasis added) (quoting *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 285 (6th Cir. 2016)). The Eighth Circuit did not say that the new 30-day removal period in section 1446(b)(3) is triggered when the defendant can unambiguously ascertain that the CAFA jurisdiction requirements have been satisfied *and the plaintiff will be unable to meet its burden to establish the application of the local controversy exception*. Rather, when the jurisdictional requirements of CAFA listed in section 1332(d)(2) are

met—the amount in controversy exceeds $5,000,000 and there is minimal diversity—the case is removable.

Because the local controversy exception is not an element of subject-matter jurisdiction and because it is not "expressly provided by Act of Congress" that an action in which the local controversy exception applies may not be removed, an action in which the local controversy exception applies is removable under 28 U.S.C. § 1441(a). Section 1446(b)(1) therefore required Kroger to file its notice of removal within thirty days after it received the original complaint. Kroger's second notice of removal is untimely.

### III.

Even if this action was not initially removable within the meaning of section 1446(b)(3) and the second removal was timely, case-law nonetheless precludes a second removal based on an involuntary dismissal of a party. This Court has explained:

> Long ago, the Supreme Court[3] adopted "a bright line test for evaluating removability." *In re Iowa Mfg. Co. of Cedar Rapids, Iowa*, 747 F.2d 462, 463 (8 th Cir. 1984). Specifically, "[i]f the dismissal of a defendant in state court creates complete diversity between all parties so that the case may be removed to federal court, the propriety of removal is determined according to whether the dismissal was voluntary or involuntary with respect to the plaintiff." *Id*. "In other words, if the plaintiff voluntarily dismisses the non-diverse defendant, the case may be removed. Removal is improper, however, if the dismissal of that resident defendant was involuntary." *Id*. The rule is premised on the fact that the involuntary dismissal of a non-diverse [defendant] could be reversed on appeal, unlike voluntary dismissal. [14 B Charles Alan Wright, et al., *Federal Practice & Procedure*, § 3723 (4th ed.).]

*Sandeford v. United Parcel Serv., Inc.*, No. 5:10CV00369 JLH, 2011 WL 397903 at *1 (E.D. Ark. Feb. 2, 2011). Here, the local defendants were dismissed involuntarily and that dismissal could be

---

[3] *Powers v. Chesapeake & Ohio Ry. Co.*, 169 U.S. 92, 101-02, 18 S. Ct. 264, 42 L. Ed. 673 (1898).

reversed on appeal.

Kroger does not dispute that the dismissal of Tyson and Scherrey was involuntary. Rather, Kroger argues that the voluntary-involuntary rule does not apply in the context of CAFA. It relies on CAFA's purpose to broaden federal jurisdiction over class actions of interstate importance and *A.O.A. v. Doe Run Res. Corp.*, 833 F. Supp. 2d 1126 (E.D. Mo. 2011). In *Doe Run*, a previously removed and remanded action involving Peru was again removed after a party submitted its claims against Peru to arbitration. *Id*. at 1127. The last removal was based on the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, as implemented by 9 U.S.C. §§ 201 et seq. *Id*. at 1130. Title 9, Section 205 provides for removal of state court actions in which the subject matter relates to an arbitration agreement or award falling under the Convention. In denying a motion to remand, the court held that the voluntary-involuntary rule "cannot apply to removals under § 205, especially in light of that section's well-pleaded complaint rule." *Id*. at 1134. Section 205 explicitly states that "the ground for removal provided in this section need not appear on the face of the complaint . . ." Ordinarily, however, the well-pleaded complaint rule dictates that federal jurisdiction exists only when a federal question is presented on the face of the plaintiffs' properly-pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). In other words, the plaintiff is the master of his complaint and the case does not become removable because of actions taken against the plaintiff's will. *Id*. Congress expressly abrogated this rule in section 205, however. The court in *Doe Run* concluded that "Congress intended to make it easy for defendants in state-filed Convention cases to remove to federal court." 833 F. Supp. 2d at 1335. While Kroger is correct that Congress has expressed its intent for certain class actions to be litigated in federal court, it did so

with several limitations and exceptions but did not expressly abrogate the well-pleaded complaint rule, which, as pointed out by the court in *Doe Run*, goes hand-in-hand with the voluntary-involuntary rule. *Id*. at 1134.

A longstanding body of case-law holds that an involuntary dismissal of a defendant who otherwise defeats diversity jurisdiction does not render an action removable. Absent an explicit directive from Congress to the contrary, that body of law should apply in the CAFA context. Because the dismissal of the local defendants here was involuntary, it does not give rise to a second opportunity for removal under section 1446(b)(3).

## CONCLUSION

For the reasons stated, the plaintiffs' motion to remand is GRANTED. Document #6. This action is remanded to the Circuit Court of Pulaski County, Arkansas.

IT IS SO ORDERED this 9th day of February, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE